UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SAM JUNIS JOHNSON-BEY,

       Plaintiff,                                    Case No.  1:12-CV-371

v.                                                  HON.  GORDON J. QUIST

SOCIAL SECURITY ADMINISTRATION,

       Defendant.
_____/

**OPINION GRANTING MOTION TO DISMISS**

Plaintiff filed a complaint against Defendant in the Small Claims Division of the Berrien County Trial Court on or about March 8, 2012. In his Affidavit and Claim, Plaintiff alleged as follows: "Commissioner of Social Security Violated, Title 42, § 1363. An investigation by the Commissioner of Social Security of the person to serve as representative payee, which they didn,t [sic] do.  I done 8 months in prison for this oversight." Defendant removed the case to this Court on April 16, 2012, citing 28 U.S.C. § 1442(a)(1) as the basis for removal.

On June 8, 2012, Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Plaintiff has not responded to the motion within the requisite briefing period. *See* W.D. Mich. LCivR 7.2(c).

Defendant contends that this Court lacks jurisdiction over Plaintiff's complaint because the state court also lacked jurisdiction. Defendant invokes the derivative jurisdiction doctrine, which essentially provides that a federal district court's removal jurisdiction is limited to that of the state court. "The jurisdiction of the federal court on removal is, in a limited sense, a derivative

jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have jurisdiction." *Lambert Run Coal Co. v. Baltimore & Ohio R.R.* 258 U.S. 377, 382, 42 S. Ct. 349, 351 (1922). Although Congress has abrogated this doctrine for removals under the general removal statute, 28 U.S.C. § 1441, "federal courts have consistently held that the doctrine remains applicable to any cases removed pursuant to 28 U.S.C. § 1441." *Johnson v. Conley*, No. 12-18-DLB, 2012 WL 1947330, at *2 (E.D. Ky. May 30, 2012) (citing cases).

In cases seeking judicial review under the Social Security Act, § 405(g) provides the exclusive basis for jurisdiction. 42 U.S.C. § 405(g); *see also Ahghazali v. Sec'y of Health & Human Servs.*, 867 F.2d 921, 922 (6th Cir. 1989). Section 405(g) provides, in pertinent part, that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced . . . in the district court of the United States for the judicial district in which the plaintiff resides. . . ." Because federal district courts have exclusive jurisdiction over cases seeking review of the decisions of the Commissioner of Social Security, the state court lacked jurisdiction over Plaintiff's claim to the extent he sought review of a decision of the Commissioner. Consequently, this Court also lacks jurisdiction under the derivative jurisdiction doctrine.

To the extent Plaintiff seeks to invoke jurisdiction under some other statutory basis, Plaintiff has failed to meet his burden of demonstrating a waiver of sovereign immunity. "The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S. Ct. 767, 769 (1941). Immunity extends to agencies of the United States as well, absent a waiver of immunity. *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993). "Congress must expressly waive the Nation's sovereign immunity, or federal courts cannot exercise

jurisdiction over claims brought against the United States." *Ctr. for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 819 (6th Cir. 2007). A waiver of sovereign immunity must be express and unequivocal and will not be implied. *Lane v. Pena*, 518 U.S. 187, 192, 116 S. Ct. 2092, 2096 (1996). In addition, waivers of sovereign immunity are "strictly construed, in terms of [their] scope, in favor of the sovereign." *Id.* (citation omitted). Moreover, "[i]t has long been settled that officers of the United states possess no power through their actions to waive an immunity of the United States or to confer jurisdiction on a court in the absence of some express provision by Congress." *United States v. New York Rayon Importing Co.*, 329 U.S. 654, 661, 67 S. Ct. 601, 604 (1947). Finally, because a federal court cannot exercise jurisdiction over a claim against the United States absent a waiver of immunity, the party asserting jurisdiction bears the burden of showing a waiver. *See Whittle*, 7 F.3d at 1262.

Plaintiff failed in his state-court complaint to allege a waiver of immunity by the United States that is express and unequivocal. Moreover, by his failure to respond to Defendant's motion, Plaintiff has forfeited his opportunity to advise the Court of a waiver that provides a basis for his claim. Thus, the Court will grant Defendant's motion on the ground of lack of subject matter jurisdiction over Plaintiff's complaint.

An Order consistent with this Opinion will be entered.[1]


Dated: July 25, 2012                    /s/ Gordon J. Quist
                                                     GORDON J. QUIST
                                             UNITED STATES DISTRICT JUDGE

---

[1] Given the Court's conclusion that it lacks subject matter jurisdiction, the Court need not address Defendant's argument that Plaintiff fails to state a claim.